HOLT & SMITH v. TEXAS MOLINE
PLOW CO.

(Court of Civil Appeals of Texas. Dallas.
June 29, 1912. Rehearing Denied Oct.
12, 1912.)

1. EVIDENCE (§ 116*) — ADMISSIBILITY—EX-
PLANATORY MATTERS.

Defendant, in an action for the price of
goods sold, claimed that the seller, with his
consent, had agreed that another dealer should
take certain of the goods and assume respon-
sibility for the purchase price thereof and re-
lease defendant from liability, and that, if the
seller did not itself make such contract, it
was made by its agent and afterwards ratified
by it, and offered evidence of a conversation
between the seller and its agent in support of
such claim. Held that, upon the issues made,
it was competent for the seller to introduce
orders from such other dealer to it for goods
embraced therein, and also to show that the
conversation had reference to such sale.

[Ed. Note.—For other cases, see Evidence,
Cent. Dig. §§ 134, 135; Dec. Dig. § 116.*]

2. TRIAL (§ 62*)—EVIDENCE—REBUTTAL.

In an action for the price of goods, where
defendant claimed that he had agreed with
the seller to transfer the goods to the C. Com-
pany, a copartnership, and offered testimony
that it was still a copartnership, the certified
copy of the charter of the company and the
affidavits of its incorporators were admissible
to show that it was not a partnership, but a
corporation.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 148–150; Dec. Dig. § 62.*]

3. APPEAL AND ERROR (§ 1050*)—HARMLESS
ERROR—ADMISSION OF EVIDENCE.

In an action for the price of goods sold,
where defendant alleged that he had agreed
with the seller to transfer the goods shipped
to him to a certain company, a copartnership,
and offered evidence that it was still a copart-
nership, the admission of plaintiff's evidence
that such company was a corporation, and not
a copartnership, if immaterial, was without sub-
stantial injury to the defendant.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 4153–4160, 4166; Dec.
Dig. § 1050.*]

4. TRIAL (§ 62*)—EVIDENCE—REBUTTAL.

Defendant in an action for the price of
goods sold claimed that the seller had agreed
to allow a transfer of certain of the goods to
another dealer and to release him from lia-
bility for the price, and put in evidence a con-
versation with the seller's agent to that effect.
Held, that a letter written by the seller to its
agent in rebuttal of defendant's evidence was
admissible as tending to show all the com-
munications between the parties in reference
to the subject of such conversation.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 148–150; Dec. Dig. § 62.*]

5. PRINCIPAL AND AGENT (§ 166*)—RATIFI-
CATION—KNOWLEDGE OF FACTS.

There can be no ratification of an agent's
contract without full knowledge of all the facts.

[Ed. Note.—For other cases, see Principal
and Agent, Cent. Dig. §§ 627–633; Dec. Dig.
§ 166.*]

6. TRIAL (§ 253*)—INSTRUCTIONS—EXCLUD-
ING EVIDENCE.

In an action for the price of goods sold,
tried upon defendant's theory that whatever
the seller's salesman did in arranging that an-
other dealer should take over the goods and
become responsible therefor was done as the
seller's agent, where there was no evidence

that the seller with full knowledge of the sales-
man's act had afterwards ratified it, an in-
struction that, in order to find for defendant,
the salesman must have acted as the seller's
agent, was not erroneous as excluding the re-
lease of defendant by the seller's ratification.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 613–623; Dec. Dig. § 253.*]

7. SALES (§ 364*) — INSTRUCTIONS — MISLEAD-
ING INSTRUCTIONS.

In an action for the price of goods sold,
in which defendant claimed that the seller's
salesman, with his consent, had contracted with
another dealer to take over certain of the
goods and assume responsibility for the pur-
chase price, and release defendant therefrom,
a charge that if the salesman, acting as the
seller's agent, agreed with the other dealer and
defendant to such arrangement, etc., then to
find for defendant, was not misleading as re-
quiring a finding that the agreement was made
both with the defendant and the other dealer,
where defendant did not plead or prove that
the salesman ever made such agreement with
him.

[Ed. Note.—For other cases, see Sales, Cent.
Dig. §§ 1065–1076; Dec. Dig. § 364.*]

Appeal from District Court, Dallas Coun-
ty; Kenneth Force, Judge.

Action by the Texas Moline Plow Company
against Holt & Smith. Judgment for plain-
tiff, and defendants appeal. Affirmed.

Carter & Walker, of Center, and A. H.
McKnight, of Dallas, for appellants. M. M.
Plowman, of Dallas, for appellee.

TALBOT, J. This is a suit brought by ap-
pellee against appellants to recover the pur-
chase price of certain wagons and buggies
sold to appellants in April and June, 1909,
together with interest and attorney's fees.
Appellants admitted the purchase of the
goods, and also admitted an indebtedness to
appellee in the sum of $285.50, which amount
was tendered into court. As to the remain-
der of the indebtedness they denied liability
on the grounds: (1) That appellee had con-
tracted with the Center Hardware Furniture
Company for it to take the buggies and wag-
ons and assume responsibility for the pur-
chase price, and to release appellants from
liability, to which agreement appellants had
consented. (2) That, if appellee did not
make this agreement, its agent, G. N. Rogers,
did, and that the agreement was afterwards
ratified by appellee. (3) That, if appellee did
not make or ratify the agreement, it un-
derstood that appellants had delivered all
the wagons and buggies to the Center Hard-
ware Furniture Company, believing that such
agreement had been made, and that appel-
lee did not object to the arrangement, but,
on the contrary, sent blank notes covering
the purchase price of the goods to the Cen-
ter Hardware Furniture Company for ex-
ecution, and said nothing whatever to appel-
lants about paying for the goods until all, or
substantially all, of the wagons and buggies
had been sold, and that, by these and other
acts, appellee was estopped from saying that
such contract had not been made. A jury

trial resulted in a verdict and judgment in favor of the plaintiff for the sum of $1,456.-40, and the defendants appealed.

[1] The first assignment of error complains of the trial court's action in admitting in evidence, over the objection of the defendants that the same were irrelevant and immaterial, certain orders given by the Center Hardware Furniture Company to plaintiff, dated July 15, 1909, for goods embraced in said order. The propositions contended for under this assignment are (1) that these orders were not material or relevant to any issue made by the pleadings; (2) that it is reversible error to admit, over the objection of defendants, immaterial and irrelevant matters which may prejudice their rights. This testimony, we think, was clearly admissible upon the issues tendered by the defendants to the effect (1) that the plaintiff had contracted with the Center Hardware Furniture Company, with the consent of defendants, for said company to take certain wagons and buggies constituting a part of the items of the claim sued on, assume responsibility for the purchase price thereof, and release defendants from liability; (2) that, if plaintiff did not make such contract itself, its agent, G. N. Rogers, did, and the same was afterwards ratified by plaintiff. The defendants having offered evidence of a telephone conversation between the plaintiff and its agent, and having then sought to prove that by said conversation the plaintiff agreed that the Center Hardware Furniture Company might take the wagons and buggies in question, and to release them from liability for the purchase price of the same, or had thereby ratified an agreement to that effect made by its agent, it was competent for the plaintiff to show that it had sold other and different goods, as evidenced by the orders given therefor, to said Center Hardware Furniture Company, and that such telephone conversation had reference to such sale. Such was evidently the purpose and effect of the evidence objected to, and the court did not err in admitting it for that purpose.

[2] Nor did the court commit material error, if any at all, in admitting in evidence the certified copy of the charter of the Center Hardware Furniture Company and the affidavits of the incorporators therefor. The defendants having alleged that they had agreed with the plaintiff to transfer the goods shipped them to Center Hardware Furniture Company, a copartnership, and having offered testimony that it was still a copartnership, evidence to the effect that said company was not a partnership concern at the time of the institution of the suit, but a corporation, was admissible.

[3] If, however, the evidence was immaterial, as is contended by appellant, we fail to see how its admission could have resulted in any substantial injury to defendants.

[4] There was no material error, if error at all, in admitting in evidence the letter written by plaintiff to its agent, G. N. Rogers, dated July 21, 1909. This letter, it seems to us, was admissible in rebuttal of testimony offered by the defendants to the effect that the plaintiff had agreed to allow a transfer of certain of the goods involved in this controversy to the Center Hardware Furniture Company, and to release defendants from liability for the price thereof. The letter was shown to have been written, as we understand the testimony, at the time of the alleged transfer, and showed exactly what had been done or agreed to, and was a part and parcel of the transaction. Defendants had shown the alleged telephone conversation, and we think it was competent for the plaintiff to show all the communications between the parties at that time in reference to the subject of said conversation.

[5, 6] The court, among other things, charged the jury as follows: "If you believe from the evidence that Rogers, acting as the agent and on behalf of the plaintiff on or about the time pleaded in defendants' answer, entered into an agreement with the Center Hardware Furniture Company and the defendants, Holt & Smith, whereby the goods in controversy were to be delivered to the Center Hardware Furniture Company by Holt & Smith, and that the Center Hardware Furniture Company was to assume the terms of the contract originally entered into by and between plaintiff and defendants, and that the defendants were to be released from liability to plaintiff, and you further find from the evidence that the plaintiff was afterwards informed of the agreement and ratified the same, then you will find for the defendants, except as hereinbefore instructed." This charge, in so far as it required the jury to find, in order to return a verdict for defendants if the other facts therein enumerated existed, that Rogers acted as the agent of plaintiff, is objected to and made the basis of appellants' fifth assignment of error. The contention is that the charge in the respect mentioned is erroneous, for the reason that, if the acts of Rogers were ratified by the plaintiff, the terms of the agreement claimed to have been made by him would be binding upon the plaintiff, regardless of whether or not Rogers acted as its agent. If it should be conceded that the contention is technically correct, still the error in the charge should not, in our opinion, operate to reverse the case. It is a principle of universal recognition that there can be no binding ratification without full knowledge of all the facts, and there is no evidence in the record that appellee with full knowledge of the acts of Rogers afterwards ratified them. Besides, the case was tried upon the theory, advanced by appellants themselves, that whatever Rogers did in the matter was done by him as the agent of appellee, and to this effect was the evidence introduced by them. In other words, there is no pretense that Rogers acted otherwise than as the agent of appellee, and

there is no evidence whatever that we have discovered upon which any other contention or finding could be based.

[7] The further contentions that "the charge was misleading and was erroneous, in that it required a finding that the agreement referred to was made both with the Center Hardware Furniture Company and appellants," whereas there is neither pleading nor proof that Rogers made any such agreement with appellants, are without merit, and will be overruled.

We have carefully considered all of appellants' assignments of error, with the conclusion reached that none of them disclose reversible error. The evidence is amply sufficient to support the verdict of the jury, and the judgment of the court below is affirmed.